1

2

3

4

5

6

7

**FILED**

MAY 1 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _FF_                    DEPUTY

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          )    Magistrate Case No. 08MJ8352
                                        )
12              Plaintiff,              )
                                        )
13        v.                            )    FINDINGS OF FACT AND
                                        )    ORDER OF DETENTION
14   Sergio Roberto CHAVEZ-Yanez,       )
                                        )
15              Defendant.              )
     _____)

16

17        In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.),

18   a detention hearing was held on April 30, 2008, to determine whether defendant Sergio Roberto

19   CHAVEZ-Yanez, should be held in custody pending trial on the grounds that he is a flight risk.

20   Assistant U. S. Attorney Karla K. Davis appeared on behalf of the United States. Matthew Hagen of

21   Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

22        Based on the evidence proffered by the United States and the Defendant, the pretrial services

23   report, and the criminal complaint issued against the Defendant on April 25, 2008, by this Court, the

24   Court concludes that the following facts establish by a preponderance of the evidence that no condition

25   or combination of conditions will reasonably assure the appearance of the Defendant required.

26   ///

27   ///

28   ///

I

FINDINGS OF FACT

A.    Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1.   The Defendant is charged in Criminal Complaint No. 08MJ8352 with the importation of 1.84 kilograms (4.05 pounds) of heroin, in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.    The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C. § 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3.   The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 36. See USSG § 2D1.1(2). Assuming the Defendant's criminal history score places him in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 188-235 months in prison.

B.    Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1.    The case against the Defendant is strong. On April 24, 2008, Defendant Sergio Roberto CHAVEZ-Yanez was the driver, sole occupant, and registered owner of a 1993 Nissan Sentra, as he entered the Calexico, California East Port of Entry. During primary inspection, Defendant stated to Customs and Border Protection Officer (CBPO) Baca that he had purchased the vehicle approximately six months prior. Defendant avoided eye contact and his hands were shaking while presenting documents. During a cursory inspection, CBPO Baca observed a non-factory compartment underneath the rear seats above the gasoline tank. Both Defendant and the vehicle were escorted to the secondary lot. A Narcotic Detector Dog alerted to the rear seat area of the vehicle. A subsequent search of the vehicle resulted in the discovery of 1.84 kilograms (4.05 pounds) of heroin concealed in the a non-factory compartment located in the underneath the rear seat of the vehicle.

2.    During his interview, Defendant stated he had owned the vehicle for two and a half to three years and approximately four months ago, he discovered a non-factory compartment

2

located underneath the rear seat of his vehicle. Defendant stated he had revealed this information to his high school friends in Mexicali. Defendant stated that on the day of his arrest, he knew that someone in Mexicali had purposely placed something within the compartment, but he did not know specifically what was hidden inside the compartment. Defendant stated he was to be paid $1,000.00 to successfully cross the vehicle. Defendant also stated that this was his first time ever attempting to smuggle narcotics.

      C.      History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

           1.     The Defendant is a United States citizen.

           2.     The Defendant resides with his parents in Mexicali, Baja California, Mexico.

           3.     The Defendant is a self-employed bar tender in Mexicali.

      D.      Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

           1.     The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

II

## REASONS FOR DETENTION

      A.     There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 08MJ8352, to wit: the importation of 1.84 kilograms (4.05 pounds) of heroin in violation of 21 U.S.C. § 952 and 960.

      B.     The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

      C.     The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

///

///

///

///

3

II

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: _5-12-08_ .

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

KARLA K. DAVIS
Assistant U. S. Attorney

cc:  Matthew Hagen
     Federal Defenders of San Diego, Inc.